# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Everardo Alcazar, Jr.,                                    Case No. 22-cv-1330 (WMW/LIB)

     Petitioner,

v.                                                                       **REPORT AND RECOMMENDATION**

B. Eischen,
FPC-Duluth, Warden,

     Respondent.

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Everardo Alcazar, Jr.'s Petition for writ of habeas corpus ("Petition"). [Docket No. 1].[1]

In 2015, Petitioner was sentenced in the United States District Court for the Western District of Texas to a 150-month term of imprisonment after pleading guilty to one count of conspiring to possess more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). See, United States v. Alcazar, 14-cr-01825-KC (1) [Docket No. 348] (W.D. Tex. Oct. 8, 2015). Petitioner did not appeal this sentence. See, Id.

In November 2020, Petitioner filed a motion under 28 U.S.C. § 2255 requesting that the sentencing judge invalidate his sentence enhancement as a career offender under the United States Sentencing Guidelines because the State of California had retroactively reclassified one of his predicate-controlled substance felony convictions as a misdemeanor. See, Alcazar, 14-cr-01825-

---

[1] Alcazar's habeas petition is not brought pursuant to 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to his Petition. See, Rule 1(b).

KC (1) [Docket No. 388] (W.D. Tex. Nov. 16, 2020). This motion was denied. Id. Court records show that Petitioner did not request an appeal from this Order. Id.

In May 2022—almost seven years after he pleaded guilty and over one year after his § 2255 motion was denied in the Western District of Texas—Petitioner filed the present habeas Petition pursuant to 28 U.S.C. § 2241 in the District of Minnesota, where he is currently in custody. (Petition [Docket No. 1]). Petitioner contends that the sentencing judge erred in considering his prior conviction for "simple possession" of marijuana as a predicate-prior conviction for a career offender enhancement under the United States Sentencing Guidelines and thus, according to Petitioner, his continued incarceration violates his constitutional rights. (See Petition [Docket No. 1]). These are substantially the same arguments he made in his § 2255 motion.

Because Petitioner has not demonstrated that his motion under § 2255 was "inadequate or ineffective to test the legality of his detention", 28 U.S.C. § 2255(e), this Court recommends that this matter be dismissed without prejudice for lack of subject matter jurisdiction.

A federal defendant may seek direct appeal of an adverse criminal judgment, assuming he has not waived his right to do so. If the defendant, after his direct appeal has concluded, continues to believe that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack", 28 U.S.C. § 2255(a), he may seek relief from that sentence through a motion filed under § 2255 in the District where he was sentenced.

Only if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention" may the defendant challenge the legality of his sentence through a petition for a writ of habeas corpus brought in the district where the defendant is confined. 28

U.S.C. § 2255(e); see, Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241."). The federal inmate "bears the burden of showing that the [§ 2255] remedy is inadequate or ineffective". Lopez-Lopez v. Sanders, 590 F.3d 905, 907 (8th Cir. 2010) (citing Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004)).

Petitioner is not permitted to do this. "[T]he § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citing Charles v. Chandler, 180 F.3d 752, 757–58 (6th Cir. 1999)). Further, a § 2255 motion is not an inadequate or ineffective remedy because § 2255 places restrictions on filing "second or successive" motions. See, Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Rather, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." See, Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004). At a minimum, the petitioner seeking to invoke the savings clause of § 2255(e) must show that he "had no earlier procedural opportunity to present his claims." Id. at 963; see, United States v. Barrett, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

In the present case, Petitioner previously filed a motion under § 2255 in the Western District of Texas challenging the legality of his sentence; this motion was denied. See, United States v. Alcazar, 14-cr-01825-KC (1) [Docket No. 389] (W.D. Tex.). Petitioner did not request an appeal from the Order denying his § 2255 motion or seek authorization from the appropriate

court of appeals to file a "second or successive" § 2255 motion. Accordingly, the Court may consider the present Petition only if Petitioner demonstrates that § 2255 is "inadequate or ineffective" to test the legality of his conviction.

On the record now before the Court, Petitioner has failed to demonstrate that § 2255 is "inadequate or ineffective" to test the legality of his conviction. Indeed, Petitioner did, in fact, test the legality of his sentence through a motion under § 2255, raising the same claims now presented in his present habeas Petition. Those claims were considered and rejected on the merits. See, United States v. Alcazar, 14-cr-01825-KC (1) [Docket No. 389] (W.D. Tex. Nov. 25, 2020). Petitioner availed himself of the exclusive remedy through which to present his claims for relief. Having failed to persuade the sentencing court that his claims were meritorious, Petitioner cannot now turn to this Court seeking habeas relief on the same claims. See, Cradle v. United States, 290 F.3d 536, 539 (3d. Cir. 2002) (per curiam) (noting that "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief.").

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** the present case be **DISMISSED without prejudice** for lack of subject matter jurisdiction. See, DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).


Dated: June 8, 2022                              s/Leo I. Brisbois
                                                 Hon. Leo I. Brisbois
                                                 United States Magistrate Judge

<u>**NOTICE**</u>

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. <u>See</u>, Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).